# IN THE ELEVENTH JUDICIAL CIRCUIT, STATE OF MISSOURI CIRCUIT JUDGE DIVISION

| | |
|---|---|
| **THE ESTATE OF JOHN NATHAN**<br>941 Lafayette Landing Drive<br>St. Charles, Missouri 63303,<br><br>    -and-<br><br>**DIANE NATHAN**<br>941 Lafayette Landing Drive<br>St. Charles, Missouri 63303<br><br>        Plaintiffs,<br><br>   v.<br><br>**OMEGA FLEX, INC.**<br>Serve: Kevin Hoben, Mark F. Albino or<br>Paul Kane<br>451 Creamery Way<br>Exton, Pennsylvania 19341<br><br>        Defendant. | Case No.:<br><br>Division No.:<br><br><br>**JURY DEMAND** |

## PETITION FOR DAMAGES

Plaintiffs, The Estate of John Nathan, and Diane Nathan, by and through their attorneys, Cozen O'Connor, bring this Petition for Damages against Defendant Omega Flex, Inc., and in support thereof state:

## PARTIES

1.    Plaintiff The Estate of John Nathan, is the successor in interest to the rights of the late John L. Nathan, who, at all relevant times resided in and owned the home at 941 Lafayette Landing Drive, St. Charles, Missouri 63303.[1]

---

[1] John Nathan passed away in September 2017, at which time his rights arising from the incident that gives rise to the claim that are the subject matter of this Petition for Damages transferred to his estate.

LEGAL\37553409\3

2.　　　Plaintiff Diane Nathan is an individual person who, at all relevant times resided in and owned the home at 941 Lafayette Landing Drive, St. Charles, Missouri 63303.

3.　　　Defendant Omega Flex, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania with a principal place of business located at 451 Creamery Way, Exton, Pennsylvania 19341.

4.　　　At all relevant times, Omega Flex was a company engaged in the business of designing, producing, manufacturing, fabricating, marketing, and selling a product known as TracPipe® corrugated stainless steel tubing ("CSST") for consumer use in Missouri.

## JURISDICTION AND VENUE

5.　　　Plaintiffs seek damages that are in excess of $25,000, the minimum jurisdictional limit of this Court.

6.　　　This Court has subject matter jurisdiction over this action in that the events or omissions giving rise to this action occurred in St. Charles, Missouri, and a substantial part of the property that is the subject of this action has at all material times been situated in St. Charles, Missouri.

7.　　　Venue is proper in this Court because the causes of action set forth below for damages are a result of injury to real and personal property in St. Charles, Missouri, and a substantial part of the acts or omissions giving rise to the causes of action complained of herein occurred in St. Charles, Missouri.

LEGAL\37553409\3

## BACKGROUND OF CSST

8.      CSST is an ultrathin, flexible piping wrapped in a yellow thin plastic casing and is used to transport natural gas within both residential and commercial structures. It was developed as an alternative to the much thicker, more durable black iron pipe that had been used to transport natural gas for more than a century.

9.      This action alleges that Omega Flex improperly designed and manufactured TracPipe®, and failed to adequately test its resistance to lightning strikes. TracPipe® has ultrathin walls that are susceptible to perforation by an electrical arc generated by a lightning strike, which can cause and has caused fires, damage to and destruction of residential structures, and creates a substantial and unreasonable risk of death or personal injury.

10.     When a CSST gas line, including TracPipe®, becomes energize, the energy from the lightning strike passes through it in search of a path to ground. As it seeks this path to ground, the energy from the lightning may jump off the CSST, usually through the air to another nearby conductive material, in what is known as an electrical arc. The temperature generated by an electrical arc is measured in thousands of degrees, easily hot enough to melt and penetrate the CSST's metal walls even though the arc only lasts a fraction of a second. When the gas line melts, the gas inside escapes and is ignited by the melting event, causing a gas-fueled fire.

3

## FACTUAL BACKGROUND

11.    At all relevant times, John and Diane Nathan owned a home located at 941 Lafayette Landing Drive, St. Charles, Missouri 63303 ("Subject Property").

12.    At the time of purchase, the Subject Property was equipped with a natural gas distribution system primarily consisting of CSST designed and manufactured by Omega Flex under the trade name TracPipe®.

13.    On or around July 10, 2016 a thunderstorm passed through the area of the Subject Property, accompanied by rain and lightning.

14.    During the thunderstorm, lightning stuck the chimney cap on the roof of the Subject Property. The energy from the lightning strike, in attempting to travel to ground, migrated to the structure's CSST, which resulted in an arcing event that blew a hole in it, releasing natural gas and causing a fire ("Incident").

15.    The Incident caused substantial damage to the Nathan's real and personal property ("Subject Loss").

16.    As a direct and proximate cause of Omega Flex's acts or omissions, the Nathans sustained damages in excess of $293,430.30 on account of and arising from the Subject Loss.

## COUNT I
### Negligence

17.    Plaintiffs repeat and reallege all of the foregoing allegations as though stated herein.

LEGAL\37553409\3

18.     At all relevant times, Omega Flex owed the Nathans a duty to use reasonable care in the development, testing, design, manufacture, production, and marketing of TracPipe® that was used in the Subject Property.

19.     Omega Flex breached the aforementioned duty to the Nathans in one or more of the following ways:

a.      Failed to adequately develop TracPipe® with strong enough exterior skins and coatings so that it was able to tolerate normal and expected conditions in the field where it was placed;

b.      Failed to properly inspect and test the design and construction of TracPipe® before distributing it en masse to the public;

c.      Failed to appreciate and take appropriate measures to ensure that the certified users of TracPipe® were instructed to properly ground and bond the aboveground portions of the gas piping system from the equipment;

d.      Carelessly and negligently advertised TracPipe® as a suitable replacement for black pipe when, in fact, it was not because it could not tolerate normal and expected conditions in the field where it was placed in comparison to the product it was marketed to replace;

e.      Failed to warn the Nathans and installers of TracPipe® of the substantial risk of fire or similar peril presented by the improper work done by its employees and/or subcontractors;

f.      Failed to provide the Nathans with a product that was capable of withstanding damage to its integrity resulting from expected and typical electrical storms and lightning common to the area;

g.      Failed to do those things necessary to avoid an unreasonable risk of harm to the Nathans' real and personal property;

> h.   Failed to comply with all applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices; and
>
> i.   Otherwise failed to use due care under the circumstances

20.   The above-alleged negligent acts and omissions of Omega Flex, its employees, and apparent agents, directly and proximately caused the Incident and the Subject Loss for which Omega Flex is legally liable.

WHEREFORE, Plaintiffs, The Estate of John Nathan, and Diane Nathan, request judgment against Defendant Omega Flex in an amount in excess of $293,430.30 to be proven at trial, together with interest and costs of this action.

## COUNT II
### Strict Liability

21.   Plaintiffs repeat and realleges the foregoing allegations in paragraphs 1 through 16 as though fully stated herein.

22.   At all relevant times, Omega Flex placed TracPipe® into the stream of commerce and as such, is strictly liable for any defects or unreasonably dangerous conditions that existed with respect to TracPipe®.

23.   Plaintiffs were, and are, in the class of persons that Omega Flex should have reasonably foreseen as being subject to the harm caused by the defective condition of TracPipe®, as they were the owners of a home with TracPipe® natural gas distribution lines, which were sold for the express purpose of being installed to operate in residential homes.

24.   At all times relevant, Omega Flex was the entity operating as the seller of TracPipe®, engaged in the sale of TracPipe®.

LEGAL\37553409\3

25.     The TracPipe® was expected, and did, reach the subject residence without substantial alteration in the condition in which the TracPipe® was sold by Omega Flex.

26.     Plaintiffs never used the TracPipe® for anything other than its expected manner of handling or consumption.

27.     The TracPipe® was defective and in an unreasonably dangerous condition at the time it left Omega Flex's possession and control insofar as it was:

    a.    Manufactured so that is was unable to withstand damage to its integrity resulting from electrical storms and lightning;

    b.    Manufactured so that it was not able to be properly grounded so that the aboveground portions of the gas piping system was not electrically continuous and bonded to any ground electrode, so that it did not comply with NFPA 54, Section 3.14;

    c.    Without adequate instructions for safe use, not only to Plaintiffs, but to any entities or individuals who would be involved in the installation of TracPipe®;

    d.    Without adequate warnings of the potential failure of TracPipe® in the event of a lightning strike on or near a residential home;

    e.    Without adequate warnings of the latent dangerous characteristics of TracPipe®;

    f.    Defectively designed so that it did not employ safety devices that could have prevented the Incident; and

    g.    Was otherwise unreasonably dangerous and defective.

28.     The defective and unreasonably dangerous condition and subsequent malfunctioning of TracPipe® was the direct and proximate cause of the real and personal property damages in an amount in excess of $293,430.30 exclusive of interest and costs, for which Defendant Omega Flex is legally liable.

7

WHEREFORE, Plaintiffs, The Estate of John Nathan, and Diane Nathan, request judgment against Defendant Omega Flex, Inc. in an amount in excess of $293,430.30 to be proven at trial, together with interest and costs of this action.

## JURY DEMAND

Plaintiffs demand a trial by a twelve-person jury of this matter on all issues so triable.


Dated: December 7, 2018                    Respectfully submitted,

                                           THE ESTATE OF JOHN NATHAN,
                                           and DIANE NATHAN,


                                           By: /s/ Marisa L. Saber
                                               One of Plaintiffs' Attorneys


Marisa L. Saber #60360
Ben Branda (*Pro Hac Vice to be requested*)
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 382-3100 (phone)
(312) 382-8910 (fax)
msaber@cozen.com
bbranda@cozen.com

*Attorney for Plaintiff*

8



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DANIEL G PELIKAN | **Case Number:  1811-CC01147** |
| Plaintiff/Petitioner:<br>THE ESTATE OF JOHN NATHAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARISA L SABER<br>COZEN OCONNOR<br>123 N WACKER DR SU 1800<br>CHICAGO, IL  60606 |
| Defendant/Respondent:<br>OMEGA FLEX, INC. | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Property Damage | *(Date File Stamp)* |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   OMEGA FLEX, INC.
               Alias:

SERVE: KEVIN HOBEN,
MARK F. ALBINO OR PAUL KANE
451 CREAMERY WAY
EXTON, PA 19341

***COURT SEAL OF***

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____12/10/2018_____     _____/S/ Judy Zerr_____
              Date                                            Clerk
Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
     _____ (name) _____ (title).
   - ☐ other: _____

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____     _____
        Printed Name of Sheriff or Server                                     Signature of Sheriff or Server

      **Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
      I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                        ☐ the judge of the court of which affiant is an officer.

*(Seal)*                       ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                        ☐ authorized to administer oaths.  (use for court-appointed server)

                                                      Signature and Title

**Service Fees**
Summons     $_____
Non Est       $_____
Mileage      $_____ (_____ miles @ $ _____ per mile)
Total          $_____
           **See the following page for directions to officer making return on service of summons.**

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.